

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 26, 1973

The Honorable Joe Earnest
County Attorney
Mitchell County
P. O. Box 443
Colorado City, Texas 79512

Opinion No. H- 139

Re: Whether County prisoners
may work on county roads,
etc., and if so, how may
the county protect itself
from lawsuits if prisoners
sustain injuries?

Dear Mr. Earnest:

You have asked for our opinion concerning two questions involving voluntary work of county jail prisoners: (1) May they work on county roads, the courthouse grounds and in county cemeteries; and (2) Should a prisoner, while doing such work sustain injury, how is the county protected from lawsuits?

In answering these questions, we assume that the cemeteries to which you refer are county-owned cemeteries. If not, our answer as to them, would be that county prisoners could not be used on other than county cemeteries. See, for instance, Attorney General Opinion No. 1061 (1939).

In answer to your first inquiry you are advised that the county may initiate programs for prisoners to work maintaining and repairing county-owned property on a voluntary basis.

Your other inquiry concerns possible lawsuits against the county. Your county, of course, is protected from liability for injuries sustained by reason of the tortious or negligent acts of its agents and employees by the doctrine of sovereign immunity. 15 Tex. Jur. 2d, Counties, § 106. The only exception to this is set forth in Article 6252-19, Vernon's Texas Civil Statutes, the Texas Tort Claims Act, which provides for the liability of a "unit of government", including counties, under two circumstances set out in § 3 of the Act: (1) for personal injuries or death caused by a negligent act or omission of a county employee acting within the scope of his employment and "arising from the operation or use of a motor-driven vehicle and motor-driven equipment;" and (2) under circumstances where the unit of government, if a private person would be personally liable for injuries or death caused from some condition of use of "tangible property, real or personal."

It is our opinion that the liability imposed by this Act upon a county for injuries to a prisoner while performing work for the county is no different from that imposed upon the county for injuries to a prisoner while he is not working which, in turn, may be no different from the liability imposed for injury to any other person.  Dancer v. City of Houston, 384 S. W. 2d 340 (Tex. 1964).

The county may protect itself from lawsuits growing out of a liability in those cases where enactment of the Texas Tort Claims Act has abrogated its immunity from liability for tort by the purchase of liability insurance.  Attorney General Opinion No. WW-813 (1960), M-989(1971) and see Letter Advisory No. 24 (1973) and Attorney General Opinion No. H-70 (1973).

## SUMMARY

A commissioners court may allow county prisoners to work repairing and maintaining county property and the county is immune from liability to such prisoners except under circumstances wherein the Texas Tort Claims Act would be applicable, in which event it may be protected by liability insurance.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APRROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee